STATE OF MAINE                              SUPERIOR COURT
PENOBSCOT, SS.                              Docket No. AR- 00-006

                                           FCM-PEN- 7/6/2000


STATE OF MAINE              )
                           )
                           )
          v.               )          **ORDER ON APPEAL**
                           )
                           )          FILED AND ENTERED
                           )          SUPERIOR COURT
Thomas Leonard,            )
          Defendant.       )              JUL 06 2000

                                      PENOBSCOT COUNTY


 Although the Defendant vigorously denies the State's charge against him for robbery, it is unchallenged that he was indicted for that offense and is awaiting trial. His counsel's argument for bail rests on Defendant's allegations that he did not take the property of another by force and did not use a firearm in a threatening way during his arrest for the robbery.

 He was bailed on that charge. Thereafter, he was charged with violation of condition of bail because of an unpermitted contact with a person known as Angela DeWitt, who is to be a witness in the case against him. .That charge was found wanting by the District Court because the standard of proof was clear and convincing evidence which the Court below felt had not been met. 15 M.R.S.A. § 1096(2).

 During the same hearing, the District Court found there was probable cause to believe that the Defendant had committed other offenses. Specifically, the Court found probable cause that the Defendant had failed to stop. Exhibit #2 demonstrates that there was probable cause. It shows that Trooper Coolen followed the Defendant for approximately a mile for over half of which she had her blue light and siren on.

 Mr. Willey, on his client's behalf, argued to the District Court that Defendant was afraid of police activity and sought a more public place to stop than the side of a country road. The argument was: "he wasn't failing

to stop; he just wanted to go to a place where there was more public because of what had been going on" T., page 23. In this Court counsel argued that the nature of the road - a steep hill - dictated that Defendant drive to a safe place. See Reply Memo, page 2.

The evidence fully supports a finding of probable cause that Defendant failed to stop. 15 M.R.S.A. 1096(1).

The Defendant's appeal to this Court is based on a claim of error in the Court below and, alternatively, a plea that Defendant be released pursuant to § 1097(2). The Defendant was found to have violated his bail because of the probable cause found that he did not stop and the District Court found, T. Page 32, no type of conditions that would satisfactorily insure the integrity of the judicial process.

This Court finds from the information filed, including the transcript and the exhibits, that those orders were rationally supported by the evidence. Accordingly, the Order will be: Appeal DENIED; there are no conditions of bail that will reasonably ensure the integrity of the judicial process and it is ORDERED that the Defendant be held without bail.

Dated:   July 6, 2000

FRANCIS C. MARSANO
JUSTICE, SUPERIOR COURT

LAURENCE WILLEY ESQ
POB 609
BREWER   ME   04412

OFFICE OF DISTRICT ATTORNEY
ATTN   C. DANIEL WOOD, ASST. D.A.
PENOBSCOT COUNTY COURTHOUSE
97 HAMMOND STREET
BANGOR   ME   04401

DONALD L. GARBRECHT
LAW LIBRARY

JUL 10

LAURENCE WILLEY ESQ
POB 609
BREWER   ME   04412

OFFICE OF DISTRICT ATTORNEY
ATTN   C. DANIEL WOOD, ASST. D.A.
PENOBSCOT COUNTY COURTHOUSE
97 HAMMOND STREET
BANGOR   ME   04401